Judy A. Endejan
State Bar #164960
jendejan@gmail.com
5109 23rd Avenue West
Everett, WA. 98203
Ph: 206-799-4843
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANIMAL, LLC,<br><br>               Plaintiff,<br><br>         vs.<br><br>VIRUS INTERNATIONAL, INC.,<br><br>         Defendant. | No.<br><br>COMPLAINT FOR INJUNCTION AND TO RECOVER DAMAGES UNDER 15 U.S.C. § 1125(a) AND CALIFORNIA LAW |

Plaintiff Manimal, LLC ("Manimal," "Plaintiff" or "Company") for its complaint for injunctive relief and damages against Virus International, Inc. ("Virus" or "Defendant") alleges as follows.

COMPLAINT FOR INJUNCTION AND TO
RECOVER DAMAGES UNDER 15 U.S.C.
§ 1125(a) CALIFORNIA LAW – 1

*Endejan Law, LLC*
*5109 23rd Ave. W*
*Everett, WA. 98203*

# I.   JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over this dispute pursuant to 15 U.S.C. § 1121 for a violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a); 28 U.S.C. §§ 1331 and 1367(a).

2.     Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391 as a substantial part of the events giving rise to this dispute occurred within this judicial district and the Defendant resides in this district.

3.     This Court has personal jurisdiction over Virus because this entity is a California corporation and has continuous and systematic business contacts in California.

# II.   PARTIES

4.     Manimal is a Nevada limited liability company, with a principal business address of 187 E. Warm Springs Rd., Suite B258, Las Vegas, Nevada. The sole member of Manimal is George Corbo, a citizen of California.

5.     Virus is a California corporation, with a principal place of business at 8821 Research Drive, Irvine, CA  92618.

COMPLAINT FOR INJUNCTION AND TO
RECOVER DAMAGES UNDER 15 U.S.C.
§ 1125(a) CALIFORNIA LAW  – 2

*Endejan Law, LLC*
*5109 23rd Ave. W*
*Everett, WA. 98203*

## III.   STATEMENT OF FACTS

**A.   Manimal has a valid, protectable trademark in the MANIMAL Mark.**

6.     In 2009 the Company created the MANIMAL trademark[1] as a brand to reflect its philosophy toward physical fitness, which is that humans can achieve optimal fitness goals by combining the strength and agility of an animal with an athlete's dedication, discipline, and determination.   The Manimal website[2] declares:

> We believe any man who trains hard within his discipline, with animal-like determination and will, can overcome any obstacle that is thrown his way and ultimately achieve his goals.
>
> Those who choose to follow the herd will fall victim to life's adversities while those who choose to Stand Apart will grow to be victorious. This is MANIMAL.

7.     In 2010 the Plaintiff began using MANIMAL in  its sale of numerous types of fitness products starting with T-shirts and expanding to strength accessories such as wrist and knee wraps, barbells, lifting straps, weightlifting belts, hats, infant apparel, stickers, banners and prints. Plaintiff is entirely an e-commerce company, selling its products in interstate commerce through its website and Amazon. It advertises through social media platforms such as Facebook, YouTube, Twitter, and Instagram. Google is used as an

---

[1] Throughout this Complaint, the term "MANIMAL" when capitalized means the trademark and brand. When not capitalized, the term "Manimal" refers to the Plaintiff, or Company.
[2] https://manimal.com/pages/about

COMPLAINT FOR INJUNCTION AND TO
RECOVER DAMAGES UNDER 15 U.S.C.
§ 1125(a) CALIFORNIA LAW  – 3

*Endejan Law, LLC*
*5109 23rd Ave. W*
*Everett, WA. 98203*

advertising and Search platform to connect the MANIMAL brand with the market.   Plaintiff has consistently and continuously used the MANIMAL trademark as its products' brand since 2010.

8.     In 2012, Plaintiff filed Application No. 85/11,299 with the United States Patent and Trademark Office ("USPTO") to register its trademark MANIMAL for International Class 025 which applies to "Clothing, namely, T-shirts, polo shirts, casual shirts, pants, shorts, jackets; exercise clothing, namely, sweatpants, sweatshirts, leotards, tights, jerseys, wristbands, arm sleeves worn separate and apart from shirts or other tops; underwear, namely, briefs, thongs, G-strings, socks; sleepwear, namely, pajamas, lingerie; rainwear, namely, raincoats, ponchos, scarves, gloves and footwear." This application was opposed, but the Trademark Trial and Appeal Board ("TTAB") of the USPTO over-ruled that opposition on February 13, 2020, finding that MANIMAL should be registered with the USPTO.  That has not happened yet because the opposer has filed an appeal of the TTAB's decision. However, since 2012 a quick search of the USPTO's database would disclose Plaintiff's prior rights in the MANIMAL trademark.

9.     Since 2010 the Plaintiff has spent considerable time, money, and effort to build a brand identity with the MANIMAL trademark, through extensive online advertising, marketing and online retail business practices

COMPLAINT FOR INJUNCTION AND TO
RECOVER DAMAGES UNDER 15 U.S.C.
§ 1125(a) CALIFORNIA LAW  – 4

*Endejan Law, LLC*
*5109 23rd Ave. W*
*Everett, WA. 98203*

revolving around the mark MANIMAL. The Company's website is manimal.com. Over this ten-year period MANIMAL has become a well-recognized brand in the serious fitness performance world, with a widespread following of consumers who always associate MANIMAL with the Plaintiff's products. The Plaintiff's demographic market consists predominantly of males (ages 20-45), interested in improving their performance in strenuous athletic pursuits such as Weightlifting, Bodybuilding, CrossFit, Powerlifting, Strongman, and other forms of fitness activities. In 2019 the Plaintiff began plans to expand its MANIMAL product offerings to include additional apparel such as shorts, socks, neck gaiters, hats, technical shirts, and jackets.

**B.      Virus is a Direct Competitor of the Plaintiff.**

Virus is a company that markets and sells apparel in interstate commerce, such as T-shirts, shorts, technical shirts, jackets, socks, and hats to the same demographic market as the Plaintiff. Like the Plaintiff, Virus is entirely an e-commerce company that uses the same channels of trade as the Plaintiff to sell through its website, virusintl.com. and Amazon, using the same type of advertising platforms such as Facebook, YouTube, Twitter, and Instagram. Both use Shopify for their ecommerce platform and Google as an advertising and

COMPLAINT FOR INJUNCTION AND TO
RECOVER DAMAGES UNDER 15 U.S.C.
§ 1125(a) CALIFORNIA LAW  – 5

*Endejan Law, LLC*
*5109 23rd Ave. W*
*Everett, WA. 98203*

Search platform. Virus even mimics the MANIMAL philosophy about how to achieve maximum physical performance.  The Virus website[3] states:

> The pursuit of your passion has set you apart. Motivation, dedication, and commitment to perfection emerge every time you perform. It leads you to a self-forged satisfaction few will ever know or understand.  You are devoted, elevated, and inspired by this passion that is part of you. It is the passion that defines you. Your progression is why we exist. In a new era of athletic achievement, our performance apparel keeps pace with the latest in nanotechnology, technical fabrics, and biomechanical patterning to help push your limits. From training to performing to recovery, our offerings will help you in every condition and situation you encounter on your path. VIRUS is here to answer the call of the individual athlete. It's you VS the world and its elements.

In sum, Virus is a direct competitor of Manimal for the sale of athletic performance apparel and accessories in interstate commerce

## C.     Virus wrongfully uses the MANIMAL trademark to Sell Virus Products.

10.     On November 27, 2020, the Plaintiff's founder, George Corbo, was contacted by a customer who said that Virus was selling fitness gear marked as "MANIMAL" through the Virus website.  This customer said that he was confused and asked if the Plaintiff had some kind of collaboration or association with Virus.  Corbo told the consumer that no such association existed.  Indeed, at no time has the Plaintiff given any kind of permission to use MANIMAL to

---

[3] https://virusintl.com/pages/about-us

COMPLAINT FOR INJUNCTION AND TO
RECOVER DAMAGES UNDER 15 U.S.C.
§ 1125(a) CALIFORNIA LAW  – 6

*Endejan Law, LLC*
*5109 23rd Ave. W*
*Everett, WA. 98203*

Virus.  Corbo immediately investigated the consumer's claim and was alarmed

to discover that day:

- The top of the home page of the Virus' website featured a large graphic banner advertising the "Manimal" collection of apparel with a "30% Off Black Friday Special."  *See* Exhibit A.

- The Virus home page contained a click-through feature that showcased several "Manimal" products.  When this feature was clicked the consumer was directed to a page that depicted a "Manimal" collection in the tags describing the products listed.  *See* Exhibit B.

- The "Manimal" products depicted on the Virus website were contemporaneously advertised and accessible to consumers through Instagram, YouTube, and Facebook in conjunction with the Virus "30% Off Sale" of its "Manimal" products.  Users who clicked on these Virus social media ads were directed to the "Manimal" products on the Virus website.  *See* Exhibit C.

- The false "Manimal" products advertised by Virus appeared on the first pages of Google, when a consumer conducted a search for "Manimal" through Google.  *See* Exhibit D.  Through a process known as search engine optimization ("SEO") searchers were directed to Virus for a "Manimal" product---not the Plaintiff.

COMPLAINT FOR INJUNCTION AND TO
RECOVER DAMAGES UNDER 15 U.S.C.
§ 1125(a) CALIFORNIA LAW  – 7

*Endejan Law, LLC*
*5109 23rd Ave. W*
*Everett, WA. 98203*

- Google Image searches continue to display Virus products when a consumer searches for "Manimal".

11.    Alarmed by his investigation, Corbo immediately called the founder of Virus, Ryan Rubiano, to get Virus to stop using "Manimal" in conjunction with any Virus product. Despite leaving voicemails and sending emails to Rubiano, Corbo did not receive a call from Rubiano until December 4, 2020 after counsel for Plaintiff sent a cease and desist letter. While Rubiano said that Virus would immediately cease use of "Manimal" it has not done so.  As of December 18, 2020, Virus was still using "Manimal" in its advertising on Instagram and Virus products can still be found in Google Search Results under the search "Manimal."  *See* Exhibit E.

**D.    Virus knew or should have known Virus' use of MANIMAL was false and misleading.**

12.    Virus knew or should have known through the exercise of reasonable care that using "Manimal" in association with Virus products was untrue and misleading, because the Plaintiff is the only company entitled to use MANIMAL to sell its products.  Virus conducted no investigation to determine if any other entity held the intellectual property rights in the MANIMAL mark, prior to developing, advertising, and selling an entire product line using that mark.  Virus' founder has admitted that Virus did no such investigation.  Yet, a

COMPLAINT FOR INJUNCTION AND TO
RECOVER DAMAGES UNDER 15 U.S.C.
§ 1125(a) CALIFORNIA LAW  – 8

*Endejan Law, LLC*
*5109 23rd Ave. W*
*Everett, WA. 98203*

simple Google search would have disclosed Plaintiff's interest in its Company brand, MANIMAL.  Virus could have, but did not, undertake a quick, easy search of the USPTO database, which would have disclosed Plaintiff's trademark interest in MANIMAL.

13.    In fact, Virus had knowledge of the Plaintiff's prior rights in the MANIMAL mark but chose to use the mark anyway on a Virus product line. This knowledge comes from the fact that Jason Mosqueda, a key employee of Virus, obtained extensive knowledge and information about Plaintiff's ownership of the MANIMAL mark prior to Virus' rollout of its "Manimal" line. On information and belief this knowledge was communicated to Virus which intentionally chose to reap the harvest of the Plaintiff's decade-long development of the MANIMAL mark by using that mark to attract customers to Virus.

14.    Mosqueda was in a position to know that Virus was using "Manimal" when it had no right to do so.  Mosqueda and Corbo are well acquainted through their membership at a gym, CrossFit Reality, where Corbo was a member and Mosqueda was an employed coach.  MANIMAL products were prominently displayed and sold at this gym by Mosqueda during his employment.  Mosqueda knew that Corbo ran Manimal because Corbo frequently discussed the MANIMAL products with Mosqueda.  Given the many

COMPLAINT FOR INJUNCTION AND TO
RECOVER DAMAGES UNDER 15 U.S.C.
§ 1125(a) CALIFORNIA LAW  – 9

*Endejan Law, LLC*
*5109 23rd Ave. W*
*Everett, WA. 98203*

contacts between Corbo and Mosqueda and the highly visible display of MANIMAL at the gym, there can be no doubt that Mosqueda knew that MANIMAL belonged to a line of performance-focused athletic apparel and accessories sold by Corbo's Company.  Mosqueda was employed by Virus, a direct competitor of Plaintiff.  While so employed, Mosqueda conducted photoshoots and was involved in marketing, order fulfillment, inventory control and customer service.  These activities would have exposed him to the Virus "Manimal" product line. Given Mosqueda's knowledge of the MANIMAL mark and his work with Virus, the logical conclusion is that Virus deliberately chose to use "Manimal" despite knowledge of Plaintiff's pre-existing interest in MANIMAL.

**E.** **Virus' false designation and false advertising created consumer confusion.**

15.    Virus' use of "Manimal" falsely designated the origin of Virus's products. This constitutes false advertising because there is no association between Virus and Plaintiff.  This false designation and advertising has confused consumers.  Plaintiff has evidence that consumers were confused or deceived about the origin of Virus' products and they erroneously confused Virus products with Plaintiff's products.  Even without actual evidence of confusion Virus' usurpation of MANIMAL caused, and continues to cause, a high likelihood of consumer confusion.  Virus did not just use a similar term, but

used the actual mark MANIMAL, owned by Plaintiff, to identify the origin of Virus' products. Moreover, both companies marketed similar goods to similar consumers through identical channels of trade. All these factors demonstrate customer confusion.

**F.     Plaintiff has been damaged by Virus' actions.**

16.    Plaintiff has been damaged by Virus' misuse of Plaintiff's mark. First and foremost, Plaintiff's MANIMAL brand has been damaged severely, causing possible permanent competitive injury. Over the busiest shopping period of the year Virus caused a great number of customers to mis-associate MANIMAL with Virus. Virus' actions have crippled the Plaintiff's ability to connect with past, present and future customers. These customers are in the same market reached through the same channels used by both the Plaintiff and Virus. The deception caused by Virus is material because it did, was and is likely to lead to the customer's purchasing decision to buy a Virus product, rather than a product from Plaintiff. These customers may be lost permanently for Plaintiff, leading to a permanent decline in revenue. Compensation must be made for the damage to the Plaintiff's brand and lost future revenues. Second, the Plaintiff clearly lost significant sales of its products during the busiest shopping season of the year, while Virus benefitted through the sales of its "Manimal" products. Compensation must be made for the Plaintiff's lost sales

COMPLAINT FOR INJUNCTION AND TO
RECOVER DAMAGES UNDER 15 U.S.C.
§ 1125(a) CALIFORNIA LAW  – 11

*Endejan Law, LLC*
*5109 23rd Ave. W*
*Everett, WA. 98203*

and Virus required to disgorge its profits from the sales of its "Manimal" products.

## IV.  CAUSES OF ACTION

### COUNT I
### (False Designation of Origin Under 15 U.S.C. § 1125)

17.    Plaintiff repeats and realleges Paragraphs 1 through 16 of this Complaint as if fully set forth herein.

18.    Plaintiff's owns a valid and protectable interest in its trademark MANIMAL. Plaintiff never consented to any use of its mark by Defendant.

19.    Defendant wrongfully used MANIMAL by placing this mark in interstate commerce in association with Defendant's goods in advertisements about its products that are sold or transported to consumers.

20.    By use of MANIMAL without the consent or authorization of Plaintiff Defendant has falsely designated the origin of Defendant's goods and has engaged in acts of false designation of origin and false sponsorship, in violation of 15 U.S.C. § 1125(a).

21.    Throughout its actions in falsely designating the origin of its products as those originating from Plaintiff Defendant has caused or is likely to cause consumer confusion or deception. This deception is material in that it did, and is likely to, influence a consumer's purchasing decision to  buy a product, thinking that it originated from Plaintiff, when it did not.

COMPLAINT FOR INJUNCTION AND TO
RECOVER DAMAGES UNDER 15 U.S.C.
§ 1125(a) CALIFORNIA LAW  – 12

*Endejan Law, LLC*
*5109 23rd Ave. W*
*Everett, WA. 98203*

22.     Plaintiff has been damaged by Defendant's false designation of the origin of its products.

23.     Defendant's acts have damaged and, unless enjoined, will continue to irreparably damage Plaintiff, and Plaintiff has no adequate remedy at law.

## COUNT II
### (Common Law Unfair Competition)

24.     Plaintiff repeats and realleges Paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25.     Defendant's unlawful acts described above deceptively "pass off" Defendant's products as those of the Plaintiff, or as somehow related to or associated with, sponsored, or endorsed by the Plaintiff, thereby exploiting the Plaintiff's hard-earned reputation in the marketplace. These actions are anti-competitive.

26.     Defendant's acts and conduct have caused and are likely to cause confusion, mistake, and deception among consumers as to the source of Defendant's infringing products, or to establish a false connection between Plaintiff and Defendant in violation of Plaintiff's rights under the common law of the State of California.

27.     Defendant's acts have damaged and, unless enjoined, will continue to irreparably damage Plaintiff, and Plaintiff has no adequate remedy at law.

COMPLAINT FOR INJUNCTION AND TO
RECOVER DAMAGES UNDER 15 U.S.C.
§ 1125(a) CALIFORNIA LAW  – 13

*Endejan Law, LLC*
*5109 23rd Ave. W*
*Everett, WA. 98203*

1

2

### COUNT III
### (Common Law Trademark Infringement)

3

4

28.     Plaintiff repeats and realleges Paragraphs 1 through 27 of this Complaint as if fully set forth herein.

5

6

29.     The Defendants' unlawful acts, described herein, constitute willful trademark infringement under the common law of the State of California.

7

8

9

30.     Defendants' acts have damaged and, unless enjoined, will continue to irreparably damage Plaintiff, and Plaintiff has no adequate remedy at law.

10

### COUNT IV
### (Unfair Competition Cal. Bus. Prof. Code § 17200 *et. seq.*)

11

12

31.     Plaintiff repeats and realleges Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

13

14

32.     Defendant's acts as described herein constituting trademark infringement and false designation of origin constitute unfair trade practices under Cal. Bus. Prof. Code § 17200 *et. seq.*

15

16

17

18

33.     Defendant's acts and conduct are likely to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Defendants' infringing products, or as to a possible affiliation, connection or association between Plaintiff and Defendant, and/or-between Plaintiff's products and Defendant's infringing products in violation of Cal. Bus. Prof. Code § 17200 *et. seq.*

19

20

21

22

23

24

COMPLAINT FOR INJUNCTION AND TO
RECOVER DAMAGES UNDER 15 U.S.C.
§ 1125(a) CALIFORNIA LAW  – 14

*Endejan Law, LLC*
*5109 23ʳᵈ Ave. W*
*Everett, WA. 98203*

34.     Defendants' acts have damaged and, unless enjoined, will continue to irreparably damage Plaintiff, and Plaintiff has no adequate remedy at law.

## COUNT V
### (False Advertising: Cal. Bus. Prof. Code § 17500 et. seq.)

35.     Plaintiff repeats and realleges Paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36.     By using the trademark "Manimal" as a statement describing its products Defendant falsely advertised its products as those of the Plaintiff, or as related to, associated with, sponsored or endorsed by the Plaintiff.    This statement is untrue and misleading.

37.     The Defendant knew, or in the exercise of reasonable care should have known that the statement was untrue or misleading.   Defendant has engaged in false advertising in violation of Cal. Bus. Prof. Code § 17500 *et. seq.*

38.     Defendant's actions have caused, or are likely to cause confusion, mistake, and deception to consumers as to the source of Defendant's infringing products, or as to a possible affiliation, connection or association between Plaintiff and Defendant.

39.     Defendants' acts have damaged and, unless enjoined, will continue to irreparably damage Plaintiff, and Plaintiff has no adequate remedy at law.

COMPLAINT FOR INJUNCTION AND TO
RECOVER DAMAGES UNDER 15 U.S.C.
§ 1125(a) CALIFORNIA LAW  – 15

*Endejan Law, LLC*
*5109 23rd Ave. W*
*Everett, WA. 98203*

## V.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendant to:

1.    Permanently enjoin Defendants from using the mark MANIMAL in any capacity in connection with any goods.

2.    Order that Defendant undertake corrective advertising to send to consumers who had previously received its false advertising or pay Plaintiff an amount to be used for such corrective advertising.

3.    Order restitution to restore the value of Plaintiff's trademark pursuant to Cal. Bus. & Prof. Code § 17535.

4.    Order that Defendants account for revenues and profits that are attributable to its unlawful acts and that Plaintiff be awarded three times Defendant's profits under 15 U.S.C. § 1117(a), plus prejudgment interest.

5.    Adjudge that Plaintiff recover from Defendant its damages in an amount to be determined at trial.

6.    To deem Defendant's trademark infringement and false and deceptive unlawful acts that Defendants deliberately performed to be "extraordinary" under 15 U.S.C. § 1117, to entitle the Plaintiff to recover its reasonable attorney's fees.

COMPLAINT FOR INJUNCTION AND TO
RECOVER DAMAGES UNDER 15 U.S.C.
§ 1125(a) CALIFORNIA LAW  – 16

*Endejan Law, LLC*
*5109 23rd Ave. W*
*Everett, WA. 98203*

7.     Award   reasonable   attorneys',   costs   expert   witness   fees   and penalties as allowed by law; and

8.     Grant such other and further relief as this Court may deem just and proper.

## VI.   JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury of all issues so triable.

DATED December 23, 2020.

Respectfully submitted,

ENDEJAN LAW LLC

*s/Judith A. Endejan*
Judith A Endejan, State Bar # 164960
jendejan@gmail.com
5109 23rd Avenue West
Everett, WA. 98203
Ph: 206-799-4843

VERNA LAW PC

Anthony M Verna III*
Email: anthony@vernalaw.com
80 Theodore Fremd Avenue
Rye, NY 10580
Ph: 914-908-6757
*Pro Hac Vice Pending*

*Attorneys for Plaintiff*

COMPLAINT FOR INJUNCTION AND TO
RECOVER DAMAGES UNDER 15 U.S.C.
§ 1125(a) CALIFORNIA LAW  – 17

*Endejan Law, LLC*
*5109 23rd Ave. W*
*Everett, WA. 98203*